**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

DONNA R. HARGROVE,

    Plaintiff,

v.                                               CASE NO. 1:11cv54-MP-GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

    This matter is before the court on the Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be reversed and remanded under sentence four of 42 U.S.C. § 405(g).  (Doc. 19).  The time for filing objections has passed, and none have been filed.

    The court agrees that the ALJ improperly failed to address the opinions of treating physician Dr. Eric Sobel and consulting psychologist Dr. Jeffrey Gedney. Also, despite finding that Plaintiff suffered from "some" limitations regarding reaching, the ALJ did not determine exactly what those limitations were and then relied exclusively upon the Grids to direct a finding of no disability.  On remand, the ALJ should clarify the extent of Plaintiff's reaching limitations and then, if appropriate, obtain testimony from a vocational expert to address the extent to which Plaintiff's reaching limitations would erode the base for unskilled sedentary work.  The ALJ, however, is not required to blindly direct the copying of thousands of pages of medical records.  Instead, Plaintiff's counsel should identify which of the 1,600 pages of medical records are relevant to Plaintiff's lupus so that the ALJ then can make an informed and intelligent decision as to whether the ALJ needs to obtain the specific medical records in determining whether Plaintiff is disabled.

For the above reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g).  A remand under sentence four is considered a final judgment.  <u>Bergen v. Commissioner</u>, 454 F.3d 1273 (11th Cir. 2006).  Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees.  Fed. R. Civ. P.  54(d)(2)(B).  This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1).   <u>Bergen</u>, 454 F.3d at 1277-78.  However, plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is warranted, and was recommended by the <u>Bergen</u> opinion.  <u>Id</u>.

Accordingly, it is now **ORDERED** as follows:

1.	The Report and Recommendation of the Magistrate Judge is adopted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

2.	The Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in order for the ALJ to (i) to analyze the medical evidence and medical opinions expressed by Drs. Eric Sobel and Jeffrey Gedney as required by applicable law, regulations and rulings, (ii) make a specific finding as to the extent of Plaintiff's reaching limitations, (iii) determine how those reaching limitations impact and/or erode the sedentary base, and (iv) if the ALJ again determines Plaintiff is limited to simple, repetitive, non-complex, unskilled sedentary work, then he should also make a finding as to whether that restriction affects a wide range of work across the given exertional level.

3.	Pursuant to <u>Bergen</u>, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand.  The plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits.

4. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE and ORDERED** this 18th day of May, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**